UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN KEITH WILLIAMS,

　　　　　　Plaintiff,

v.                                             Case No.　2:23-cv-945-JLB-NPM

J. THOMPSON, M. LEDOUX, J.
JORDAN, TAMANTHA
POULTON, H. BARTOLOTTA, M.
KERN, B. SUSKO, BEVERLY, R.
BARBER, BILL PRUMMELL and
CORIZON HEALTH SERVICE
INC.,

　　　　　　Defendants.
_____/

## ORDER OF DISMISSAL

　　　　Plaintiff initiated this action by filing a *pro se* civil rights complaint under 42
U.S.C. § 1983, along with a motion to proceed as a pauper.　(Doc. 1; Doc. 2.)
Plaintiff generally complained about the Charlotte County Jail's legal mail policies
and failure to treat his medical conditions during the time he was held there as a
pretrial detainee.　(Doc. 1.)[1]　The Court ordered Plaintiff to file an amended
complaint if he wished to proceed (Doc. 8), and his amended complaint is now before
the Court for initial screening.　(Doc. 13-3.)

　　　　After careful review, the Court concludes that Plaintiff's amended complaint

---

[1] Plaintiff was convicted of possession of a firearm by a convicted felon on
December 9, 2022 in the Circuit Court of the Twentieth Judicial Circuit in and for
Charlotte County, Florida (Case No. 20-555-F).　See Search (charlotteclerk.com)
(Williams, Ryan Keith).

is another shotgun pleading that fails to state an actionable section 1983 claim.

Accordingly, the Court dismisses this case without prejudice.

## I.    Standards of Review

Title 42 U.S.C. § 1983 imposes liability on persons who, under color of state law, deprive a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]"   42 U.S.C. § 1983.   To state a claim under section 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law.   Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.   28 U.S.C. § 1915(e).   Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)    the allegation of poverty is untrue; or
>
> (B)    the action or appeal-
>
> > (i)    is frivolous or malicious;
> >
> > (ii)    fails to state a claim on which relief may be granted; or
> >
> > (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under section 1915(e)(2)(B)(i)

where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In making the above determinations, all factual allegations (as opposed to legal conclusions) in the complaint are viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

## II.    Background

Plaintiff initiated this action on October 25, 2024 by filing a 15-page civil rights complaint against twelve defendants. (Doc. 1.) The pleading was written in

a disjointed and non-sequential manner, and it raised unrelated claims against

unrelated defendants.   (Id.)

Upon initial screening, the Court concluded that Plaintiff had filed a shotgun

pleading that did not adequately inform the defendants of the claims against them.

(Doc. 8.)   In that order, the Court explained that Rule 8(a)(2) of the Federal Rules

of Civil Procedure requires a "short and plain" statement showing that the pleader

is entitled to relief and that Rule 10(b) requires "a party to state its claims or

defenses in numbered paragraphs, each limited as far as practicable to a single set

of circumstances."   (Id. at 2.)   The Court instructed Plaintiff on how to comply with

Rules 8 and 10 as follows:

> When filing an amended complaint, Williams shall put
> the facts in sequentially numbered paragraphs.   To the
> extent he is able, he shall also leave a line space between
> each numbered paragraph so that the allegations are easy
> to read.   Williams may attach extra sheets of paper to his
> complaint if necessary.   Rule 10 requires that all
> averments be limited to "a statement of a single set of
> circumstances."   Fed. R. Civ. P. 10(b).   Additionally,
> Rule 8 requires that pleadings include a short and plain
> statement of facts showing that the pleader is entitled to
> relief.   Fed. R. Civ. P. 8(a).   In filing his amended
> complaint, Williams must comply with these minimal
> pleading standards.

(Doc. 8 at 3–4.)   The Court told Plaintiff that he must name as defendants only

those responsible for the alleged constitutional violations, and he must clearly

describe how each named defendant was involved in the alleged violation.   (Id. at

4.)   The Court explained:

> Although the complaint need not set forth exhaustive
> details, a plaintiff is required to provide more than mere
> "labels and conclusions" and the factual allegations "must

be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, the factual allegations must be sufficient "to state a claim to relief that is plausible on its face." Id. at 570. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Finally, defendants who are named in the caption but not otherwise discussed in the body of the complaint will be dropped from this action. To state a plausible claim for relief, the facts alleged by Williams must contain sufficient allegations to show that the individual defendant personally participated in the alleged constitutional violation. See e.g., Gonzales v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003).

(Doc. 8 at 4.) The Court also conveyed to Plaintiff that he could bring only related claims in a single civil rights complaint. Again, the Court explained:

A plaintiff may set forth only related claims in one civil rights complaint. Pursuant to Civil Rule 20(a), a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Constr. Aggregates, Ltd. V. Forest Commodities Corp., 147 F.3d 1334, 1337 n. 6 (11th Cir. 1998) (quotations and citation omitted.)

. . .

Thus Williams may present multiple theories of liability in his amended complaint only if they are directly related to the same basic issue or incident. Claims that are unrelated must be raised in separate actions.

(Doc. 8 at 5–6.)

Plaintiff filed a 17-page amended complaint on January 12, 2024. (Doc. 13-3.) Instead of complying with the Court's detailed instructions regarding shotgun

5

pleadings and the warning against raising unrelated claims in a single complaint, Plaintiff has expanded his amended complaint to include complaints against his state criminal attorney, disjointed and vague medical claims, and general unrelated allegations about his underlying state criminal trial.

### III.    Discussion

Because Plaintiff has filed a second shotgun pleading and disregarded the Court's directions regarding the stacking of multiple unrelated claims in a single complaint, the pleading is once again subject to dismissal under Rules 8 and 10 of the Federal Rules of Civil Procedure and for failure to state a claim on which relief may be granted.   Nevertheless, the Court has carefully reviewed the amended complaint and concludes that—even with the Court's liberal construction of the amended complaint—Plaintiff has also not stated a claim upon which relief may be granted.

First, Plaintiff names numerous defendants whom he describes as "Supervisor of Jail," and faults these defendants for either failing to respond to his grievances or attributes liability to them on the basis of respondeat superior.   But to the extent Plaintiff attempts to hold the Sheriff of Charlotte County, or any jail supervisor responsible for the actions of others at the Charlotte County Jail, these defendants' supervisory positions, without an affirmative causal connection to a constitutional violation, does not subject them to liability.   See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).   The required "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do

so[,]" Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), or when "the supervisor's improper 'custom or policy result[s] in deliberate indifference to constitutional rights.' " Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). As drafted, none of the facts alleged in Plaintiff's amended complaint shows the requisite causal connection to support a respondeat superior or supervisor liability claim.

Next, to the extent Plaintiff bases his constitutional claims on the defendants' unsatisfactory responses to his grievances, grievance-based claims are rarely cognizable in federal court because an inmate does not have a constitutionally protected interest in a grievance procedure. See Thomas v. Warner, 237 F. App'x 435, 437 (11th Cir. 2007) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

Finally, even if the Court liberally construes Plaintiff's allegation that the defendants' failed to provide him with "proper legal supplies" as raising an access-to

the-courts claim under the First and Fourteenth Amendments (Doc. 13-1 at 8), his complaint still must be for lack of standing.   The United States Supreme Court has established that to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury to a non-frivolous claim as a result of the defendants' alleged interference.   Lewis v. Casey, 518 U.S. 343, 349 (1996); see also Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).   An "actual injury" does not occur "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." Root v. Towers, 238 F.3d 423 (6th Cir. 2000) (citing Lewis, 518 U.S. at 354-56).   In other words, an inmate who claims that his access to the courts was interfered with fails to state a claim unless he shows actual prejudice to his litigation.

Plaintiff makes a conclusory assertion that he received a letter from this Court dismissing an unidentified pleading "for not notifying," but he does not provide a case number, describe any non-frivolous claims raised in the dismissed case, or explain why he could not re-file the case.   Because Plaintiff has not alleged an "actual injury" sufficient to establish standing for a claim based on the denial of access to the courts, these claims are dismissed for failure to state a claim on which relief may be granted.   28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.   Conclusion

Plaintiff has filed a second shotgun complaint that does not state a claim upon which relief can be granted.   Therefore, his amended complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B) and Rules 8 and 10 of the Federal Rules of Civil Procedure.

Generally, a *pro se* plaintiff is entitled to amend his complaint at least once before the action is dismissed with prejudice.    See Carter v. HSBC Mortg. Services, Inc., 622 F. App'x 783, 786 (11th Cir. 2015).    Plaintiff was already provided leave to amend, and he grossly failed to comply with the Court's detailed order. Accordingly, the dismissal is without further leave to amend.    However, because Plaintiff's allegations are so vague that the Court cannot discern his claims, the dismissal is without prejudice to Plaintiff raising them in a new complaint—in a new case with a new case number—if he is able to do so in a manner that complies with the Court's orders and the Federal Rules of Civil Procedure.

Accordingly, it is **ORDERED**:

1. Plaintiff's amended complaint is **DISMISSED without prejudice** as a shotgun pleading and for failure to state a claim on which relief may be granted.    28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 8, 10.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on this 27th day of February 2024.

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**

SA:   FTMP-2
Copies: Ryan Keith Williams